# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 22-919V

```
*  *  *  *  *  *  *  *  *  *  *  *
NONA KAY RASMUSSEN EDWARDS,         *
             Petitioner,            *          Chief Special Master Corcoran
                                    *
v.                                  *          June 3, 2026
                                    *
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
             Respondent.            *
*  *  *  *  *  *  *  *  *  *  *  *
```

*David Richards*, Christensen & Jensen, P.C., Salt Lake City, UT, for Petitioner.

*Catherine Stolar*, U.S. Department of Justice, Washington, DC, for Respondent.

## DAMAGES DECISION[1]

On August 17, 2022, Nona Kay Rasmussen Edwards filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered from both Guillain-Barré syndrome ("GBS") and chronic inflammatory demyelinating polyneuropathy ("CIDP") following receipt of an influenza ("flu") vaccine on August 18, 2020.[3] Pet. at ¶ 24 (ECF No. 1); *see also* Ex. 1 (ECF No. 1). Respondent conceded that Petitioner was entitled to compensation for at least the GBS part of

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

[3] Petitioner also received a recombinant zoster ("shingles") vaccine on August 18, 2020, and a pneumococcal conjugate ("Prevnar-13") vaccine on August 19, 2020. Ex. 2 at 1; Ex. 4 at 9. Because the shingles vaccine is not covered under the Vaccine Act, and because Petitioner did not specifically allege (nor did Respondent concede) that the Prevnar 13 vaccination caused a compensable injury, the former special master ultimately narrowed the case to Petitioner's flu vaccine claim. *See generally* Ruling on Entitlement, issued Dec. 18, 2023 (ECF No. 39); *see also* 42 C.F.R. § 100; Rule 4(c) Report (ECF No. 38) at 2, n2, 3; Pet. at ¶ 24 (alleging only a "August 28, 2020" vaccination as causing injury).

the alleged injury (Rule 4(c) Report (ECF No. 38) at 8, n5 (clarifying that Respondent did not concede that any vaccine Petitioner received had caused CIDP)), and in December 2023 the special master to whom the case was originally assigned issued a Ruling on Entitlement in Petitioner's favor. Ruling on Entitlement (ECF No. 39) at 2.

The parties subsequently entered into a lengthy process of resolving damages. In the course of those efforts, several status conferences were held, and the special master recently issued scheduling orders reflecting his preliminary views regarding the scope of damages. Order, issued October 31, 2025 (ECF No. 75); Order, issued February 13, 2026 (ECF No. 89); Order, issued February 25, 2025 (ECF No. 96).

On the occasion of the special master's retirement, this case was reassigned to me in early March of this year. ECF No. 98. Prior to this, however, and following the February 2026 status conferences, the parties filed a joint status report (attached hereto as Appendix 1) which identifies "all damages, including those that the parties have agreed upon, as well as the ones decided by the [special master]" to facilitate a final damages decision. Joint Status Report ("JSR") (ECF No. 97) at 1; *see also* App. A (joint life care plan) (ECF No. 97-1); App. B (joint accounting of past unreimbursed expenses) (ECF No. 97-2). This framework organizes compensation into three general categories: pain and suffering, past unreimbursed expenses, and future life care expenses. Although the parties did not fully agree during the course of proceedings as to every past expense item, the JSR notes that the remaining disputes were deemed to have been adequately addressed on the basis of the former special master's input and comments (and Respondent otherwise reserved the right to appeal certain aspects of damages). JSR at 2-3. Thus, although the JSR does not constitute an agreed-upon stipulation or proffer, it nevertheless memorializes what amounts the parties recognize are to be included in a damages decision.

Having reviewed the complete record and having heard from the parties during a more recent status conference,[4] I give considerable weight to the damages framework set forth in the JSR as reflecting sums properly awarded in this matter. Petitioner shall therefore be awarded the following damages components:

A. <u>Pain and Suffering</u>

Petitioner shall receive the statutory maximum of $250,000.00 in compensation for actual pain and suffering. JSR at 2; *see also* 42 U.S.C. § 300.aa-15(a)(4). This is consistent with the prior special master's view. *E.g.*, Order, issued October 31, 2025, at 1 ("[t]aking into account the severity of petitioner's injury and her residual impairments, I believe that the maximum amount

---

[4] I held a status conference in this matter on June 3, 2026, and the parties formally clarified at that time that the JSR reflects the damages components to be included in any decision.

for pain and suffering is warranted"); Order, issued February 13, 2026, at 1 ("I advised the parties that petitioner would be awarded the full statutory amount for pain and suffering"); Order, issued February 25, 2025, at 1 ("I reminded the parties that petitioner would be awarded the full statutory amount for pain and suffering").

### B. Unreimbursed Expenses

Petitioner seeks reimbursement for a variety of expenses incurred since GBS onset. In evaluating these claims, I have considered the discussions and tentative resolutions reached during the prior damages proceedings. I give substantial weight to agreements reached by the parties and to the former special master's expressed views regarding particular expenses.

Accordingly, Petitioner is entitled to reimbursement of past unreimbursed expenses in the amount of $207,501.19, consistent with the chart attached hereto as Appendix 3.

### C. Life Care Plan

The parties' proposed future-care compensation is reflected in their joint life care plan, attached hereto as Appendix 2, which functions as the operative life care plan and corresponding payment schedule in this matter. This document identifies the categories of future care and support determined to be reasonably necessary as a result of Petitioner's compensable injury, including projected medical care, adaptive equipment and supplies, and aide-care services. The document additionally reflects the timing and structure of proposed compensation for those items, including annual compensation years, growth rates to be incorporated into the annuity structure, and notations regarding items expected to be covered through insurance/Medicare.

The JSR states that "[a]ll items of compensation identified in the life care plan are supported by the evidence and are illustrated by the chart," that is Appendix 2. JSR at 2. The parties further represented that the compensation reflected therein incorporated both agreed-upon future care items and the former special master's prior guidance. In the JSR, they proposed compensation be made, in part, through future annuity payments "that will provide payments for the life care items contained in the life care plan" (Appendix 2) with an amount sufficient to purchase an annuity contract for that purpose. *Id*. at 3-4.

Having reviewed the life care planning materials in particular and the record as a whole, I find that the future-care items reflected in Appendix 2 are reasonable, sufficiently supported by the evidence, and consistent with the compensation available under the Vaccine Act.

**CONCLUSION**

Having reviewed the underlying record and the parties' submissions, and having heard their views during the June 3, 2026 status conference, I award Petitioner:

1.  A lump-sum payment of $589,698.93, representing compensation for future care expenses expected to be incurred during the first year after judgment ($132,197.74), pain and suffering ($250,000.00), and past unreimbursed expenses ($207,501.19) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner; and

2.  An amount sufficient to purchase an annuity contract, subject to the conditions described in Section II.B of the JSR (Appendix 1), that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Appendix 2, paid to the life insurance company from which the annuity will be purchased.

This amount represents compensation for all damages that would be available under Section 15(a) of the Vaccine Act.

The Clerk of Court is directed to enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expediated by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |  |
|---|---|---|
| NONA KAY RASMUSSEN EDWARDS, | ) ) ) | |
| Petitioner, | ) ) | No. 22-919V |
| v. | ) ) | Special Master Gowen ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) ) | |
| Respondent. | ) ) ) | |

**JOINT STATUS REPORT REGARDING**
**COMPENSATION TO BE AWARDED AND FORM OF AWARD**

In the Special Master's February 25, 2026 Scheduling Order, the Special Master noted that "[b]y Monday, March 2, 2026, the parties shall file a joint status report on the progress of damages resolution." ECF No. 96 at 2.

Respondent submits this Joint Status Report providing the Special Master with a statement of all damages, including those that the parties have agreed upon, as well as the ones decided by the Special Master, in the manner that the parties agree contains the information needed for the Special Master's damages decision.

While preserving his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the damages rulings rendered by the Special Master during the parties' February 13, 2026 and February 25, 2026 status conferences (ECF Nos. 89, 96), once memorialized in a reviewable decision, respondent submits the following Joint Status Report regarding damages. Petitioner's counsel has reviewed this Joint Status Report and does not object to the representations made herein.

**I.      Items of Compensation**

  A.  <u>Life Care Items</u>

  Respondent engaged life care planner Laura E. Fox, MSN, BSN, RN, CLCP, and

petitioner engaged Liz Kattman, M.S., Rehabilitation Counselor, to provide an estimation of

Nona Kay Rasmussen Edwards's future vaccine-injury-related needs.  *See* 42 U.S.C. § 300aa-

15(a)(1)(A).  All items of compensation identified in the life care plan are supported by the

evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Nona

Kay Rasmussen Edwards, attached hereto as Tab A.[1]  The parties agree that based upon the

evidence of record, petitioner should be awarded all items of compensation set forth in Appendix

A.

  B.  <u>Pain and Suffering</u>

  The parties agree that based upon the evidence of record, petitioner should be awarded

$250,000.00 in pain and suffering.  *See* 42 U.S.C. § 300aa-15(a)(4).

  C.  <u>Past Unreimbursable Expenses</u>

  The parties agree that based upon the evidence of record, petitioner has incurred past

unreimbursable expenses due to her vaccine-related injury.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).

However, the parties do not agree on an amount to be awarded.  As referenced in the Special

Master's February 13, 2026 and February 25, 2026 Scheduling Orders, the Special Master issued

rulings on all disputed past unreimbursable expenses.  ECF Nos. 89, 96.  Past unreimbursable

expenses to be compensated, including those agreed to by the parties and those awarded by the

---

[1]  The chart at Tab A illustrates the annual amounts for all life care items.  Annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

Special Master, are identified in the chart entitled Appendix B: Past Unreimbursable Expenses,

attached hereto as Tab B.  Pursuant to Appendix B, petitioner should be awarded $207,501.19

for past unreimbursable expenses.

## II.    Form of the Award

The parties request that the compensation provided to petitioner be made through a

combination of a lump sum payment and future annuity payments as described below, and

request that the Special Master's Decision on Damages and the Court's judgment award the

following:[2]

A.  A lump sum payment of **$589,698.93**, representing compensation for life care

expenses expected to be incurred during the first year after judgment ($132,197.74), pain and

suffering ($250,000.00), and past unreimbursable expenses ($207,501.19), to be paid through an

ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner,

Nona Kay Rasmussen Edwards; and

B.  An amount sufficient to purchase an annuity contract,[3] subject to the conditions

described below, that will provide payments for the life care items contained in the life care plan,

---

[2]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses and future pain and suffering.

[3]  In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

The parties further agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner.  Petitioner and petitioner's heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

3

as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company,[4] from

which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first

anniversary of the date of judgment) and all subsequent years shall be provided through

respondent's purchase of an annuity, which annuity shall make payments directly to petitioner,

Nona Kay Rasmussen Edwards, only so long as petitioner is alive at the time a particular

payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to

petitioner in monthly, quarterly, annual, or other installments.  The "annual amounts" set forth in

the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require

that the payment be made in one annual installment.

1.    Growth Rate

The parties agree that a four percent (4%) growth rate should be applied to all non-

medical life care items, and a five percent (5%) growth rate should be applied to all medical life

care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity

payments should grow as follows: four percent (4%) compounded annually from the date of

---

[4]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus,
exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have
one of the following ratings from two of the following rating organizations:

a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-,
AA, AA+, or AAA;

d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability
Rating:  AA-, AA, AA+, or AAA.

[5]  Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case
consistent with the Privacy Act and the routine uses described in the National Vaccine Injury
Compensation Program System of Records, No. 09-15-0056.

judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.

2.    Life-contingent annuity

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Nona Kay Rasmussen Edwards, is alive at the time that a particular payment is due.  Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Nona Kay Rasmussen Edwards's death.

3.    Guardianship

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

III.    **Summary of Payments Following Judgment**

A.    Lump sum paid to petitioner, Nona Kay Ramussen Edwards:                **$589,698.93**

B.    An amount sufficient to purchase the annuity contract described
      above in section II. B.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

5

s/*Catherine E. Stolar*
CATHERINE E. STOLAR
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 353-3299
Email:  catherine.stolar@usdoj.gov

DATED:  March 2, 2026

6

**Appendix A:  Items of Compensation for Nona Kay Rasmussen Edwards**                    Page 1 of 4

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Year 4 | Compensation Years 5-6 | Compensation Year 7 | Compensation Years 8-10 |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2026 | 2027 | 2028 | 2029 | 2030-2031 | 2032 | 2033-2035 |
| Medicare Part B Deductible | 5% | | | 283.00 | 283.00 | 283.00 | 283.00 | 283.00 | 283.00 | 283.00 |
| Medicare Supplement G | 5% | | M | 2,296.20 | 2,296.20 | 2,296.20 | 2,296.20 | 2,296.20 | 2,296.20 | 2,296.20 |
| Medicare Part D | 5% | | M | 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 |
| Primary Care Physician | 5% | * | | | | | | | | |
| Neurologist | 5% | * | | | | | | | | |
| Podiatrist | 4% | * | | | | | | | | |
| Laboratory Testing | 5% | * | | | | | | | | |
| IVIG | 5% | * | | | | | | | | |
| Additional Medication | 5% | * | | | | | | | | |
| Clear Tract | 4% | | | 247.20 | 247.20 | 247.20 | 247.20 | 247.20 | 247.20 | 247.20 |
| Pull Ups | 4% | | M | 554.80 | 554.80 | 554.80 | 554.80 | 554.80 | 554.80 | 554.80 |
| Always Discreet Pads | 4% | | M | 363.31 | 363.31 | 363.31 | 363.31 | 363.31 | 363.31 | 363.31 |
| Poise Ultra Thin Pads | 4% | | M | 219.00 | 219.00 | 219.00 | 219.00 | 219.00 | 219.00 | 219.00 |
| LivDry Absorbent Pads | 4% | | M | 855.93 | 855.93 | 855.93 | 855.93 | 855.93 | 855.93 | 855.93 |
| Disposable Underpads 30 x 36 | 4% | | M | 456.25 | 456.25 | 456.25 | 456.25 | 456.25 | 456.25 | 456.25 |
| Disposable Underpads 36 x 36 | 4% | | M | 562.10 | 562.10 | 562.10 | 562.10 | 562.10 | 562.10 | 562.10 |
| Washable Cloth Pads 21 x 22 | 4% | | | 31.08 | 31.08 | 31.08 | 31.08 | 31.08 | 31.08 | 31.08 |
| Washable Cloth Pads 34 x 36 | 4% | | | 19.28 | 19.28 | 19.28 | 19.28 | 19.28 | 19.28 | 19.28 |
| Urinal | 4% | | | 12.17 | 12.17 | 12.17 | 12.17 | 12.17 | 12.17 | 12.17 |
| Wipes | 4% | | M | 98.10 | 98.10 | 98.10 | 98.10 | 98.10 | 98.10 | 98.10 |
| Wiping Tool | 4% | | | 48.10 | 48.10 | 48.10 | 48.10 | 48.10 | 48.10 | 48.10 |
| Aide Care Private Pay | 4% | | M | 50,187.50 | 50,187.50 | 80,300.00 | 80,300.00 | 80,300.00 | 80,300.00 | |
| Payroll Services | 4% | | | 1,120.00 | 1,120.00 | 1,120.00 | 1,120.00 | 1,120.00 | 1,120.00 | |
| Workers Comp for Payroll | 4% | | | 1,100.00 | 1,100.00 | 1,700.00 | 1,700.00 | 1,700.00 | 1,700.00 | |
| Aide Care through Agency | 4% | | M | | | | | | | 131,400.00 |
| Case Management | 4% | | | 2,340.00 | 1,170.00 | 1,170.00 | 1,170.00 | 1,170.00 | 1,170.00 | 1,170.00 |
| Occupational Therapy Evaluation | 4% | * | | | | | | | | |
| Occupational Therapy | 4% | * | | | | | | | | |
| Physical Therapy Evaluation | 4% | * | | | | | | | | |
| Physical Therapy | 4% | * | | | | | | | | |
| Wheelchair Evaluation | 4% | * | | | | | | | | |

**Appendix A:  Items of Compensation for Nona Kay Rasmussen Edwards**                    Page 2 of 4

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Year 4 | Compensation Years 5-6 | Compensation Year 7 | Compensation Years 8-10 |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2026 | 2027 | 2028 | 2029 | 2030-2031 | 2032 | 2033-2035 |
| Modified Vehicle | 4% | | | 59,745.00 | | | | | | |
| Emergency Alert Button | 4% | | | 419.40 | 419.40 | 419.40 | 419.40 | 419.40 | 419.40 | 419.40 |
| Adjustable Bed | 4% | * | | | | | | | | |
| Bariatric Walker | 4% | | | 72.89 | 14.58 | 14.58 | 14.58 | 14.58 | 14.58 | 14.58 |
| Power Wheelchair | 4% | * | | | | | | | | |
| Power Wheelchair Batteries | 4% | * | | | | | | | | |
| Power Wheelchair Tires | 4% | * | | | | | | | | |
| Manual Wheelchair | 4% | | | 371.45 | | | | | | |
| Roho Cushion | 4% | * | | | | | | | | |
| Stand & Lift Recliner | 4% | * | | | | | 1,059.00 | 151.29 | 151.29 | 151.29 |
| AFOS | 4% | * | | | | | | | | |
| Bariatric Socks for AFOs | 4% | | | 49.98 | 49.98 | 49.98 | 49.98 | 49.98 | 49.98 | 49.98 |
| Handheld Shower | 4% | | | | | | | | 41.65 | 4.17 |
| Commode Seat | 4% | * | | | | | | | | |
| Transfer Bench | 4% | | | | 91.04 | 18.21 | 18.21 | 18.21 | 18.21 | 18.21 |
| Adaptive Tools | 4% | | | 250.00 | 125.00 | 125.00 | 125.00 | 125.00 | 125.00 | 125.00 |
| Home Modification for 2nd Exit | 4% | | | 8,395.00 | | | | | | |
| Pain and Suffering | | | | 250,000.00 | | | | | | |
| Past Unreimbursable Expenses | | | | 207,501.19 | | | | | | |
| Annual Totals | | | | 589,698.93 | 62,424.02 | 93,063.69 | 94,122.69 | 93,214.98 | 93,256.63 | 141,499.15 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($132,197.74), pain and suffering ($250,000.00), and past unreimbursable expenses ($207,501.19): $589,698.93.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.

**Appendix A:  Items of Compensation for Nona Kay Rasmussen Edwards**    Page 3 of 4

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 11 | Compensation Years 12-Life |
|---|---|---|---|---|---|
| | | | | 2036 | 2037-Life |
| Medicare Part B Deductible | 5% | | | 283.00 | 283.00 |
| Medicare Supplement G | 5% | | M | 2,296.20 | 2,296.20 |
| Medicare Part D | 5% | | M | 2,100.00 | 2,100.00 |
| Primary Care Physician | 5% | * | | | |
| Neurologist | 5% | * | | | |
| Podiatrist | 4% | * | | | |
| Laboratory Testing | 5% | * | | | |
| IVIG | 5% | * | | | |
| Additional Medication | 5% | * | | | |
| Clear Tract | 4% | | | 247.20 | 247.20 |
| Pull Ups | 4% | | M | 554.80 | 554.80 |
| Always Discreet Pads | 4% | | M | 363.31 | 363.31 |
| Poise Ultra Thin Pads | 4% | | M | 219.00 | 219.00 |
| LivDry Absorbent Pads | 4% | | M | 855.93 | 855.93 |
| Disposable Underpads 30 x 36 | 4% | | M | 456.25 | 456.25 |
| Disposable Underpads 36 x 36 | 4% | | M | 562.10 | 562.10 |
| Washable Cloth Pads 21 x 22 | 4% | | | 31.08 | 31.08 |
| Washable Cloth Pads 34 x 36 | 4% | | | 19.28 | 19.28 |
| Urinal | 4% | | | 12.17 | 12.17 |
| Wipes | 4% | | M | 98.10 | 98.10 |
| Wiping Tool | 4% | | | 48.10 | 48.10 |
| Aide Care Private Pay | 4% | | M | | |
| Payroll Services | 4% | | | | |
| Workers Comp for Payroll | 4% | | | | |
| Aide Care through Agency | 4% | | M | 131,400.00 | 131,400.00 |
| Case Management | 4% | | | 1,170.00 | 1,170.00 |
| Occupational Therapy Evaluation | 4% | * | | | |
| Occupational Therapy | 4% | * | | | |
| Physical Therapy Evaluation | 4% | * | | | |
| Physical Therapy | 4% | * | | | |
| Wheelchair Evaluation | 4% | * | | | |

Appendix A:  Items of Compensation for Nona Kay Rasmussen Edwards    Page 4 of 4

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 11 | Compensation Years 12-Life |
|---|---|---|---|---|---|
| | | | | 2036 | 2037-Life |
| Modified Vehicle | 4% | | | 59,745.00 | 5,974.50 |
| Emergency Alert Button | 4% | | | 419.40 | 419.40 |
| Adjustable Bed | 4% | * | | | |
| Bariatric Walker | 4% | | | 14.58 | 14.58 |
| Power Wheelchair | 4% | * | | | |
| Power Wheelchair Batteries | 4% | * | | | |
| Power Wheelchair Tires | 4% | * | | | |
| Manual Wheelchair | 4% | | | | |
| Roho Cushion | 4% | * | | | |
| Stand & Lift Recliner | 4% | * | | 151.29 | 151.29 |
| AFOS | 4% | * | | | |
| Bariatric Socks for AFOs | 4% | | | 49.98 | 49.98 |
| Handheld Shower | 4% | | | 4.17 | 4.17 |
| Commode Seat | 4% | * | | | |
| Transfer Bench | 4% | | | 18.21 | 18.21 |
| Adaptive Tools | 4% | | | 125.00 | 125.00 |
| Home Modification for 2nd Exit | 4% | | | | |
| Pain and Suffering | | | | | |
| Past Unreimbursable Expenses | | | | | |
| Annual Totals | | | | 201,244.15 | 147,473.65 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($132,197.74), pain and suffering ($250,000.00), and past unreimbursable expenses ($207,501.19): $589,698.93.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.

| | Cost | Past Unreimbursable Expense |
|---|---|---|
| 1 | $ 734.00 | pulsed electromagnetic field machine ("PEMF") for pain relief |
| 2 | $ 42.85 | transfer board |
| 3 | $ 42.83 | bed pads |
| 4 | $ 15.94 | thigh-lifter strap |
| 5 | $ 30.56 | tearaway pants |
| 6 | $ 37.48 | tearaway pants |
| 7 | $ 128.04 | transfer bench with commode opening |
| 8 | $ 6.95 | toilet tool for wiping |
| 9 | $ 62.07 | long handle bath brush; foot scrubber; back scrubber; shower brush |
| 10 | $ 149.72 | tearaway pants |
| 11 | $ 58.89 | transfer bench |
| 12 | $ 58.90 | bed pads |
| 13 | $ 44.81 | bed pads |
| 14 | $ 107.22 | incontinence pads; bariatric briefs; urinal |
| 15 | $ 64.94 | trigger finger splint; hand grip strengthener; post-surgical bra |
| 16 | $ 67.87 | bariatric briefs |
| 17 | $ 63.18 | bariatric briefs |
| 18 | $ 49.26 | bed pads |
| 19 | $ 34.26 | cream for skin irritation due to incontinence |
| 20 | $ 7.49 | sweeper |

| | Cost | Past Unreimbursable Expense |
|---|---|---|
| 21 | $ 29.49 | bed pads |
| 22 | $ 51.37 | incontinence underwear |
| 23 | $ 38.34 | Smart plug |
| 24 | $ 29.88 | blood pressure monitor |
| 25 | $ 52.05 | incontinence underwear |
| 26 | $ 41.75 | non-slip socks |
| 27 | $ 36.96 | bed pads |
| 28 | $ 62.46 | Smart plug |
| 29 | $ 49.11 | incontinence underwear |
| 30 | $ 25.00 | long handle bath brush |
| 31 | $ 51.38 | lotion applicator |
| 32 | $ 30.36 | body glue |
| 33 | $ 88.97 | organizer pouch for walker; sports bra; incontinence pads |
| 34 | $ 14.98 | disposable medical gowns |
| 35 | $ 56.68 | N95 respirators; shoe covers |
| 36 | $ 32.12 | incontinence pads |
| 37 | $ 20.97 | accessory tray for walker or rollator |
| 38 | $ 32.12 | unbreakable dishes |
| 39 | $ 12.99 | broom and mop grippers |
| 40 | $ 26.45 | no tie shoelaces; shoe horn |

|    | Cost | Past Unreimbursable Expense |
|----|------|------------------------------|
| 41 | $ 25.68 | soap bags |
| 42 | $ 9.64 | reacher tool |
| 43 | $ 124.23 | incontinence pads |
| 44 | $ 33.19 | incontinence pads |
| 45 | $ 51.92 | incontinence underwear |
| 46 | $ 16.05 | long handle foot brush |
| 47 | $ 33.19 | incontinence underwear |
| 48 | $ 51.92 | incontinence underwear |
| 49 | $ 12.83 | foot brush replacement sponges |
| 50 | $ 88.50 | compression and bariatric socks |
| 51 | $ 66.38 | organizer pouch for wheelchair |
| 52 | $ 13.63 | incontinence pads |
| 53 | $ 55.62 | incontinence underwear |
| 54 | $ 37.47 | incontinence underwear |
| 55 | $ 25.35 | incontinence pads |
| 56 | $ 160.64 | incontinence pads |
| 57 | $ 27.62 | incontinence pads |
| 58 | $ 14.53 | incontinence pads |
| 59 | $ 52.68 | bed pads |
| 60 | $ 58.19 | incontinence underwear |

| | Cost | Past Unreimbursable Expense |
|---|---|---|
| 61 | $ 18.20 | extra width socks for lymphedema |
| 62 | $ 161.71 | incontinence pads |
| 63 | $ 54.64 | incontinence underwear |
| 64 | $ 33.20 | incontinence wipes |
| 65 | $ 40.69 | electric nail clippers |
| 66 | $ 33.16 | incontinence wipes |
| 67 | $ 20.34 | non-slip socks |
| 68 | $ 10.70 | toilet aid tool for wiping |
| 69 | $ 17.44 | anti-slip bath body brush |
| 70 | $ 54.76 | incontinence underwear |
| 71 | $ 161.71 | incontinence pads |
| 72 | $ 30.36 | body glue |
| 73 | $ 10.70 | exam gloves |
| 74 | $ 16.34 | thigh-lifter strap |
| 75 | $ 65.47 | heating pad |
| 76 | $ 17.89 | sweeper |
| 77 | $ 21.44 | extra width socks |
| 78 | $ 36.83 | bed pads |
| 79 | $ 27.95 | broom; dustpan; reacher |
| 80 | $ 10.67 | sock helper |

|  | Cost | Past Unreimbursable Expense |
|---|---|---|
| 81 | $ 159.99 | incontinence pads |
| 82 | $ 54.84 | incontinence underwear |
| 83 | $ 82.57 | indoor threshold ramps for wheelchair |
| 84 | $ 43.96 | bed pads |
| 85 | $ 43.96 | bed pads |
| 86 | $ 56.17 | incontinence underwear |
| 87 | $ 44.24 | bed pads |
| 88 | $ 159.99 | leg massager |
| 89 | $ 19.99 | non-slip furniture pads |
| 90 | $ 15.00 | thigh-lifter strap |
| 91 | $ 12.86 | sock helper |
| 92 | $ 226.27 | incontinence pads and underwear |
| 93 | $ 65.04 | incontinence underwear |
| 94 | $ 79.33 | non-slip and bariatric socks |
| 95 | $ 201.63 | heating pad; bariatric socks; incontinence pads |
| 96 | $ 14.99 | lymphatic drainage messager |
| 97 | $ 72.88 | incontinence underwear |
| 98 | $ 139.40 | bed pads; incontinence underwear |
| 99 | $ 30.41 | body glue |
| 100 | $ 15.99 | extra wide socks |

| | **Cost** | **Past Unreimbursable Expense** |
|---|---|---|
| 101 | $ 172.66 | incontinence pads |
| 102 | $ 27.87 | bariatric socks for lymphedema |
| 103 | $ 11.74 | soap bags |
| 104 | $ 55.83 | incontinence underwear |
| 105 | $ 72.88 | incontinence underwear |
| 106 | $ 46.11 | bed pads |
| 107 | $ 75.06 | bed pads |
| 108 | $ 172.66 | incontinence pads |
| 109 | $ 27.87 | bariatric socks for lymphedema |
| 110 | $ 29.49 | portable urinal |
| 111 | $ 46.05 | incontinence underwear |
| 112 | $ 46.05 | incontinence underwear |
| 113 | $ 39.26 | bed pads |
| 114 | $ 32.54 | bed pads |
| 115 | $ 46.11 | bed pads |
| 116 | $ 305.45 | incontinence pads and underwear |
| 117 | $ 25.41 | bed pads |
| 118 | $ 34.90 | bed pads |
| 119 | $ 32.59 | bed pads |
| 120 | $ 45.57 | bed pads |

| | Cost | Past Unreimbursable Expense |
|---|---|---|
| 121 | $ 52.11 | ClearTract D-Mannose Formula to promote urinary tract health |
| 122 | $ 75.04 | hand massager |
| 123 | $ 46.11 | bed pads |
| 124 | $ 10.71 | long handle shower brush |
| 125 | $ 55.79 | incontinence pads |
| 126 | $ 215.26 | ClearTract D-Mannose Formula to promote urinary tract health |
| 127 | $ 43.75 | incontinence underwear |
| 128 | $ 51.45 | high-waist underwear |
| 160 | $ 43.75 | incontinence underwear |
| 130 | $ 83.58 | bariatric socks |
| 131 | $ 10.28 | phone lanyards |
| 132 | $ 111.10 | ClearTract D-Mannose Formula to promote urinary tract health |
| 133 | $ 121.50 | home healthcare |
| 134 | $ 93.75 | home healthcare |
| 135 | $ 37.50 | home healthcare |
| 136 | $ 93.75 | home healthcare |
| 137 | $ 70.00 | home healthcare |
| 138 | $ 65.00 | home healthcare |
| 139 | $ 45.00 | home healthcare |
| 140 | $ 60.00 | home healthcare |

| | Cost | Past Unreimbursable Expense |
|---|---|---|
| 141 | $ 47.50 | home healthcare |
| 142 | $ 65.00 | home healthcare |
| 143 | $ 60.00 | home healthcare |
| 144 | $ 45.00 | home healthcare |
| 145 | $ 65.00 | home healthcare |
| 146 | $ 62.50 | home healthcare |
| 147 | $ 67.50 | home healthcare |
| 148 | $ 62.50 | home healthcare |
| 149 | $ 579.00 | home healthcare |
| 150 | $ 65.00 | home healthcare |
| 151 | $ 57.50 | home healthcare |
| 152 | $ 65.00 | home healthcare |
| 153 | $ 60.00 | home healthcare |
| 154 | $ 60.00 | home healthcare |
| 155 | $ 75.00 | home healthcare |
| 156 | $ 70.00 | home healthcare |
| 157 | $ 67.50 | home healthcare |
| 158 | $ 70.00 | home healthcare |
| 159 | $ 57.50 | home healthcare |
| 160 | $ 70.00 | home healthcare |

|  | Cost | Past Unreimbursable Expense |
|---|---|---|
| 161 | $ 87.50 | home healthcare |
| 162 | $ 72.50 | home healthcare |
| 163 | $ 70.00 | home healthcare |
| 164 | $ 65.00 | home healthcare |
| 165 | $ 25.00 | home healthcare |
| 166 | $ 70.00 | home healthcare |
| 167 | $ 87.50 | home healthcare |
| 168 | $ 77.50 | home healthcare |
| 169 | $ 90.00 | home healthcare |
| 170 | $ 95.00 | home healthcare |
| 171 | $ 50.00 | home healthcare |
| 172 | $ 90.00 | home healthcare |
| 173 | $ 92.50 | home healthcare |
| 174 | $ 77.50 | home healthcare |
| 175 | $ 70.00 | home healthcare |
| 176 | $ 80.00 | home healthcare |
| 177 | $ 100.00 | home healthcare |
| 178 | $ 70.00 | home healthcare |
| 179 | $ 77.50 | home healthcare |
| 180 | $ 82.50 | home healthcare |

| | Cost | Past Unreimbursable Expense |
|---|---|---|
| 181 | $ 65.00 | home healthcare |
| 182 | $ 75.00 | home healthcare |
| 183 | $ 72.50 | home healthcare |
| 184 | $ 72.50 | home healthcare |
| 185 | $ 72.50 | home healthcare |
| 186 | $ 100.00 | home healthcare |
| 187 | $ 80.00 | home healthcare |
| 188 | $ 77.50 | home healthcare |
| 189 | $ 60.00 | home healthcare |
| 190 | $ 60.00 | home healthcare |
| 191 | $ 65.00 | home healthcare |
| 192 | $ 180.00 | home healthcare |
| 193 | $ 180.00 | home healthcare |
| 194 | $ 67.50 | home healthcare |
| 195 | $ 167.44 | repair costs for wheelchair-accessible vehicle |
| 196 | $ 50.00 | house cleaning |
| 197 | $ 50.00 | house cleaning |
| 198 | $ 50.00 | house cleaning |
| 199 | $ 50.00 | house cleaning |
| 200 | $ 50.00 | house cleaning |

| | Cost | Past Unreimbursable Expense |
|---|---|---|
| 201 | $ 50.00 | house cleaning |
| 202 | $ 50.00 | house cleaning |
| 203 | $ 50.00 | house cleaning |
| 204 | $ 50.00 | house cleaning |
| 205 | $ 50.00 | house cleaning |
| 206 | $ 50.00 | house cleaning |
| 207 | $ 50.00 | house cleaning |
| 208 | $ 50.00 | house cleaning |
| 209 | $ 50.00 | house cleaning |
| 210 | $ 50.00 | house cleaning |
| 211 | $ 50.00 | house cleaning |
| 212 | $ 50.00 | house cleaning |
| 213 | $ 50.00 | house cleaning |
| 214 | $ 50.00 | house cleaning |
| 215 | $ 50.00 | house cleaning |
| 216 | $ 50.00 | house cleaning |
| 217 | $ 50.00 | house cleaning |
| 218 | $ 50.00 | house cleaning |
| 219 | $ 50.00 | house cleaning |
| 220 | $ 50.00 | house cleaning |

|  | Cost | Past Unreimbursable Expense |
|---|---|---|
| 221 | $ 50.00 | house cleaning |
| 222 | $ 50.00 | house cleaning |
| 223 | $ 50.00 | house cleaning |
| 224 | $ 50.00 | house cleaning |
| 225 | $ 50.00 | house cleaning |
| 226 | $ 50.00 | house cleaning |
| 227 | $ 174.50 | Renu02 injection (alternative medicine for pain) |
| 228 | $ 174.50 | Renu02 injection (alternative medicine for pain) |
| 229 | $ 212.50 | Renu02 injection (alternative medicine for pain) |
| 230 | $ 212.50 | Renu02 injection (alternative medicine for pain) |
| 231 | $ 212.50 | Renu02 injection (alternative medicine for pain) |
| 232 | $ 174.50 | Renu02 injection (alternative medicine for pain) |
| 233 | $ 174.50 | Renu02 injection (alternative medicine for pain) |
| 234 | $ 174.50 | Renu02 injection (alternative medicine for pain) |
| 235 | $ 52.50 | Renu02 injection (alternative medicine for pain) |
| 236 | $ 174.50 | Renu02 injection (alternative medicine for pain) |
| 237 | $ 367.00 | Renu02 injection (alternative medicine for pain) |
| 238 | $ 227.50 | Renu02 injection (alternative medicine for pain) |
| 239 | $ 174.50 | Renu02 injection (alternative medicine for pain) |
| 240 | $ 174.50 | Renu02 injection (alternative medicine for pain) |

|     | Cost | Past Unreimbursable Expense |
|-----|------|------------------------------|
| 241 | $   35.00 | Renu02 injection (alternative medicine for pain) |
| 242 | $   57.50 | Renu02 injection (alternative medicine for pain) |
| 243 | $  212.50 | Renu02 injection (alternative medicine for pain) |
| 244 | $  212.50 | Renu02 injection (alternative medicine for pain) |
| 245 | $  173.00 | Renu02 injection (alternative medicine for pain) |
| 246 | $  326.00 | Renu02 injection (alternative medicine for pain) |
| 247 | $  174.50 | Renu02 injection (alternative medicine for pain) |
| 248 | $  212.50 | Renu02 injection (alternative medicine for pain) |
| 249 | $  500.00 | Renu02 injection (alternative medicine for pain) |
| 250 | $  674.50 | Renu02 injection (alternative medicine for pain) |
| 251 | $  500.00 | Renu02 injection (alternative medicine for pain) |
| 252 | $  124.50 | Renu02 injection (alternative medicine for pain) |
| 253 | $  212.50 | Renu02 injection (alternative medicine for pain) |
| 254 | $  212.50 | Renu02 injection (alternative medicine for pain) |
| 255 | $  124.50 | Renu02 injection (alternative medicine for pain) |
| 256 | $  212.50 | Renu02 injection (alternative medicine for pain) |
| 257 | $  212.50 | Renu02 injection (alternative medicine for pain) |
| 258 | $  212.50 | Renu02 injection (alternative medicine for pain) |
| 259 | $  174.50 | Renu02 injection (alternative medicine for pain) |
| 260 | $  187.50 | Renu02 injection (alternative medicine for pain) |

| | Cost | Past Unreimbursable Expense |
|---|---|---|
| 261 | $ 187.50 | Renu02 injection (alternative medicine for pain) |
| 262 | $ 212.50 | Renu02 injection (alternative medicine for pain) |
| 263 | $ 318.00 | Renu02 injection (alternative medicine for pain) |
| 264 | $ 189.50 | Renu02 injection (alternative medicine for pain) |
| 265 | $ 189.50 | Renu02 injection (alternative medicine for pain) |
| 266 | $ 227.50 | Renu02 injection (alternative medicine for pain) |
| 267 | $ 227.50 | Renu02 injection (alternative medicine for pain) |
| 268 | $ 189.50 | Renu02 injection (alternative medicine for pain) |
| 269 | $ 5.00 | Renu02 injection (alternative medicine for pain) |
| 270 | $ 128.50 | Renu02 injection (alternative medicine for pain) |
| 271 | $ 189.50 | Renu02 injection (alternative medicine for pain) |
| 272 | $ 227.50 | Renu02 injection (alternative medicine for pain) |
| 273 | $ 6,632.70 | household appliances purchased during kitchen remodel to make living space more accessible |
| 274 | $ 35.91 | gas for transportation to and from medical appointments |
| 275 | $ 47.99 | gas for transportation to and from medical appointments |
| 276 | $ 48.73 | gas for transportation to and from medical appointments |
| 277 | $ 27.86 | construction and household supplies for bath remodel to make living space more accessible |
| 278 | $ 117.77 | hand-held shower head |
| 279 | $ 93.50 | home healthcare |
| 280 | $ 110.00 | home healthcare |

| | Cost | Past Unreimbursable Expense |
|---|---|---|
| 281 | $ 176.00 | home healthcare |
| 282 | $ 126.00 | home healthcare |
| 283 | $ 147.00 | home healthcare |
| 284 | $ 188.00 | home healthcare |
| 285 | $ 150.00 | home healthcare |
| 286 | $ 176.00 | home healthcare |
| 287 | $ 137.50 | home healthcare |
| 288 | $ 137.50 | home healthcare |
| 289 | $ 137.50 | home healthcare |
| 290 | $ 150.00 | home healthcare |
| 291 | $ 126.50 | home healthcare |
| 292 | $ 126.20 | home healthcare |
| 293 | $ 126.50 | home healthcare |
| 294 | $ 126.50 | home healthcare |
| 295 | $ 148.50 | home healthcare |
| 296 | $ 125.50 | home healthcare |
| 297 | $ 115.50 | home healthcare |
| 298 | $ 132.00 | home healthcare |
| 299 | $ 121.00 | home healthcare |
| 300 | $ 93.50 | home healthcare |

| | Cost | Past Unreimbursable Expense |
|---|---|---|
| 301 | $ 110.00 | home healthcare |
| 302 | $ 148.50 | home healthcare |
| 303 | $ 99.00 | home healthcare |
| 304 | $ 121.00 | home healthcare |
| 305 | $ 55.00 | home healthcare |
| 306 | $ 126.50 | home healthcare |
| 307 | $ 16,561.00 | home modifications to make living space more accessible |
| 308 | $ 45,632.70 | home modifications to make living space more accessible |
| 309 | $ 1,884.19 | construction materials for home remodel to make living space more accessible |
| 310 | $ 1,444.65 | construction materials for home remodel to make living space more accessible |
| 311 | $ 120.00 | Xarelto |
| 312 | $ 120.00 | venlafaxine |
| 313 | $ 120.00 | venlafaxine |
| 314 | $ 120.00 | Xarelto |
| 315 | $ 429.73 | Xarelto |
| 316 | $ 42.60 | venlafaxine |
| 317 | $ 412.72 | Xarelto |
| 318 | $ 126.00 | Xarelto |
| 319 | $ 49.86 | venlafaxine |
| 320 | $ 49.86 | Xarelto |

| | Cost | Past Unreimbursable Expense |
|---|---|---|
| 321 | $ 126.00 | venlafaxine |
| 322 | $ 270.00 | Xarelto |
| 323 | $ 16.23 | venlafaxine |
| 324 | $ 86.68 | Xarelto |
| 325 | $ 4.22 | venlafaxine |
| 326 | $ 86.68 | Xarelto |
| 327 | $ 66.00 | home healthcare |
| 328 | $ 77.00 | home healthcare |
| 329 | $ 66.00 | home healthcare |
| 330 | $ 66.00 | home healthcare |
| 331 | $ 66.00 | home healthcare |
| 332 | $ 77.00 | home healthcare |
| 333 | $ 66.00 | home healthcare |
| 334 | $ 77.00 | home healthcare |
| 335 | $ 66.00 | home healthcare |
| 336 | $ 66.00 | home healthcare |
| 337 | $ 66.00 | home healthcare |
| 338 | $ 8,060.00 | stay at South Davis Community Hospital for medical treatment |
| 339 | $ 7,800.00 | stay at South Davis Community Hospital for medical treatment |
| 340 | $ 8,060.00 | stay at South Davis Community Hospital for medical treatment |

| | Cost | Past Unreimbursable Expense |
|---|---|---|
| 341 | $ 7,800.00 | stay at South Davis Community Hospital for medical treatment |
| 342 | $ 8,060.00 | stay at South Davis Community Hospital for medical treatment |
| 343 | $ 52.73 | cost of transportation to and from medical appointments |
| 344 | $ 185.20 | cost of transportation to and from medical appointments |
| 345 | $ 27.50 | home healthcare |
| 346 | $ 85.00 | home healthcare |
| 347 | $ 60.00 | home healthcare |
| 348 | $ 60.00 | home healthcare |
| 349 | $ 50.00 | home healthcare |
| 350 | $ 60.00 | home healthcare |
| 351 | $ 90.00 | cost of transportation to and from medical appointments |
| 352 | $ 90.00 | cost of transportation to and from medical appointments |
| 353 | $ 90.00 | cost of transportation to and from medical appointments |
| 354 | $ 90.00 | cost of transportation to and from medical appointments |
| 355 | $ 90.00 | cost of transportation to and from medical appointments |
| 356 | $ 18,183.75 | costs related to purchase of wheelchair accessible vehicle |
| 357 | $ 3,000.00 | costs related to purchase of wheelchair accessible vehicle |
| 358 | $ 500.00 | home healthcare |
| 359 | $ 14.47 | incontinence pads |
| 360 | $ 175.00 | cost of one-night stay at assisted living facility |

| | Cost | Past Unreimbursable Expense |
|---|---|---|
| 361 | $ 343.18 | incontinence pads |
| 362 | $ 61.92 | ClearTract D-Mannose Formula to promote urinary tract health |
| 363 | $ 115.94 | incontinence pads |
| 364 | $ 171.59 | incontinence pads |
| 365 | $ 76.96 | incontinence pads |
| 366 | $ 122.00 | incontinence pads |
| 367 | $ 146.88 | incontinence pads |
| 368 | $ 125.94 | toilet saftey rails; wiper tool |
| 369 | $ 179.97 | charging cords; sock aid; incontinence pads |
| 370 | $ 49.43 | incontinence pads |
| 371 | $ 98.17 | incontinence pads |
| 372 | $ 50.06 | ClearTract D-Mannose Formula to promote urinary tract health |
| 373 | $ 76.96 | incontinence pads |
| 374 | $ 175.52 | incontinence pads |
| 375 | $ 63.87 | ClearTract D-Mannose Formula to promote urinary tract health |
| 376 | $ 49.43 | incontinence pads |
| 377 | $ 407.54 | therapeutic vibration plate exercise machine |
| 378 | $ 30.65 | incontinence pads; sock helper |
| 379 | $ 82.98 | incontinence pads |
| 380 | $ 154.49 | incontinence pads |

| | Cost | Past Unreimbursable Expense |
|---|---|---|
| 381 | $ 51.94 | ClearTract D-Mannose Formula to promote urinary tract health |
| 382 | $ 7.50 | zipper pulls |
| 383 | $ 46.23 | front-closure bra; combination lock box |
| 384 | $ 71.36 | incontinence pads |
| 385 | $ 65.00 | house cleaning |
| 386 | $ 65.00 | house cleaning |
| 387 | $ 65.00 | house cleaning |
| 388 | $ 65.00 | house cleaning |
| 389 | $ 65.00 | house cleaning |
| 390 | $ 65.00 | house cleaning |
| 391 | $ 65.00 | house cleaning |
| 392 | $ 65.00 | house cleaning |
| 393 | $ 65.00 | house cleaning |
| 394 | $ 65.00 | house cleaning |
| 395 | $ 65.00 | house cleaning |
| 396 | $ 65.00 | house cleaning |
| 397 | $ 65.00 | house cleaning |
| 398 | $ 65.00 | house cleaning |
| 399 | $ 65.00 | house cleaning |
| 400 | $ 65.00 | house cleaning |

| | Cost | Past Unreimbursable Expense |
|---|---|---|
| 401 | $ 65.00 | house cleaning |
| 402 | $ 65.00 | house cleaning |
| 403 | $ 65.00 | house cleaning |
| 404 | $ 65.00 | house cleaning |
| 405 | $ 65.00 | house cleaning |
| 406 | $ 92.00 | home healthcare |
| 407 | $ 138.00 | home healthcare |
| 408 | $ 86.25 | home healthcare |
| 409 | $ 103.50 | home healthcare |
| 410 | $ 120.00 | home healthcare |
| 411 | $ 130.00 | home healthcare |
| 412 | $ 60.00 | home healthcare |
| 413 | $ 50.00 | home healthcare |
| 414 | $ 60.00 | home healthcare |
| 415 | $ 27.50 | home healthcare |
| 416 | $ 733.37 | costs related to purchase of wheelchair accessible vehicle |
| 417 | $ 30,000.00 | costs related to purchase of wheelchair accessible vehicle |
| 418 | $ 5,452.00 | "Deluxe zeen," a mobility device |
| | | |
| Total: | $ 207,501.19 | |